**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ROBERT HARRIS and KENNETH MARTIN, | |
| Plaintiffs, | |
| v. | Case No. 4:15-CV-03536 |
| SAIA MOTOR FREIGHT LINE, LLC, | |
| Defendant. | |

**DEFENDANT'S INITIAL DISCLOSURES**

Defendant Saia Motor Freight Line, LLC ("Defendant") submits its Initial Disclosures as follows:

**DISCLOSURE NO. 1**: If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**ANSWER**:

Defendant Saia Motor Freight Line, LLC is properly identified.

**DISCLOSURE NO. 2**: Provide the names of any parties who defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

6570397.1

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**ANSWER**:

   None.

**DISCLOSURE NO. 3**:    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**ANSWER**:

   Defendant submits that Plaintiffs are not entitled to recovery under Chapter 21 of the Texas Labor Code.  Defendant is a trucking transportation company that operates terminals across the Country.  Plaintiffs were employed in managerial positions at Defendant's Houston, Texas terminal.

   Defendant moves freight utilizing its own drivers as well as independent contractor drivers.  The independent contractors are paid differently than company drivers.  Specifically, at that time, the pay received was a percentage of the total weight of the load.  Thus, the greater the load value, the more compensation that was paid to the contractor driver who carried the load.

   In March 2013, Defendant's Security Investigator, Ernest Reaza, was approached by several independent contractor drivers who expressed concern

about route assignments.   In sum, the complainants alleged that certain drivers were being assigned higher revenue loads (referred to as 6 wheel loads) because said alleged drivers were paying off Defendant's employees responsible for the load assignments.  Two of Defendant's management level employees implicated in this scheme were Plaintiffs Harris and Martin.   Plaintiffs were not terminated immediately after these complaints were lodged against them.   Rather, over the next several months following the lodging of the complaints, the allegations were fully investigated by the Defendant.

Ultimately, the investigation concluded with a finding that both Harris and Martin accepted payments from various independent contractor drivers, who received more lucrative volume shipments.  Delbert Bryer, the Houston Terminal Manager, (white male) was also implicated in the improper practice.   All three management representatives were given the opportunity to resign in lieu of termination.   While Bryer elected to resign, Plaintiffs elected termination.  Simply put, race was not a factor in Plaintiffs' termination. Their employment was separated as well as the white manager to whom they reported, for their involvement in the same wrongful activity.

**DISCLOSURE NO. 4**:  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**ANSWER**:

Defendant intends to rely on the text of the Texas Labor Code, the familiar body of case law interpreting the Code and Title VII of the Civil Rights Act of 1964, relevant regulations, the relevant case law supporting its affirmative defenses, and the Federal Rules of Civil Procedure and Evidence.  Defendant reserves the right to apply other case law decisions and relevant statutes as this matter proceeds.

**DISCLOSURE NO. 5**:  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

See Attachment A.  Discovery may lead to the identification of additional individuals in the possession of relevant, discoverable information.

**DISCLOSURE NO. 6**:  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

4

For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**ANSWER**:

Defendant has not yet determined whether it will use any expert witnesses at trial.

**DISCLOSURE NO. 7**:  Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

The following documents may be used to support Defendant's defenses in this matter:

1. Documents in Plaintiffs' personnel files maintained by Defendant;

2. Documents relating to Plaintiffs' performance including counseling documentation;

3. Documents relating to the investigation of the improper route assignment process which resulted in Plaintiffs' termination;

4. Documents relating to Defendant's policies and procedures;

5.    Any documents received from third parties in response to Defendant's

subpoena requests;

6.    All documents identified or produced by Plaintiffs in their Initial

Disclosures or responses to Defendant's discovery requests; and

7.    All other documents produced by the parties in discovery.

Discovery in this matter may lead to additional documents responsive to this

Disclosure.

**DISCLOSURE NO. 8**:   Provide a computation of any category of damages

claimed by you.   In addition, include a copy of, or describe by category and

location of, the documents or other evidentiary material, not privileged or protected

from disclosure on which such computation is based, including materials bearing

on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.

**ANSWER**:

Defendant has not made a claim against Plaintiffs for damages at this time,

though the Company may seek its fees and costs incurred in defending this action.

**DISCLOSURE NO. 9**:   If defendant contends that some other person or legal

entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state

the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**ANSWER**:

Defendant contends neither it nor any other person or entity is liable to Plaintiffs in this matter.

**DISCLOSURE NO. 10**:  Attach for inspection and copying under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**ANSWER**:

A copy of the insurance Declaration page is included as Attachment B.

Respectfully submitted this 13th day of April, 2016.

*s/Mitchell S. Allen*
MITCHELL S. ALLEN
Texas Bar No. 01046800
Texas Fed. ID No. 2658932
BRYAN CAVE LLP
One Atlantic Center
1201 West Peachtree Street, NW
Suite 1400
Atlanta, Georgia  30309
Telephone:  (404) 572-6600
Facsimile:   (404) 572-6999

ANDREW SPANIOL
Texas Bar No. 24063012

7

andrew.spaniol@bryancave.com
BRYAN CAVE LLP
JP Morgan Chase Tower
2200 Ross Avenue, Suite 3300
Dallas, TX  75201
Tel:  (214) 721-8052

COUNSEL FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ROBERT HARRIS and KENNETH MARTIN,<br><br>      Plaintiffs,<br><br>v.<br><br>SAIA MOTOR FREIGHT LINE, LLC,<br><br>      Defendant. | Case No. 4:15-CV-03536 |

## CERTIFICATE OF SERVICE

I certify that I have this 13th day of April, 2016, filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which automatically sends notification via electronic mail to the following counsel of record:

Linda D. King
king@goransonking.com
Mark D. Goranson
goranson@goransonking.com

*s/Mitchell S. Allen*
Mitchell S. Allen

6570397.1

# ATTACHMENT A

The following individuals may have knowledge of the facts surrounding

Plaintiffs' claims.  Defendant reserves the right to supplement ad revise this list as

discovery is conducted:

1.  Plaintiff Robert Harris

2.  Plaintiff Kenneth Martin

3.  William Delbert Bryer
    1707 Wilderness Park Ct.
    Kingwood, TX  77339

4.  "Narazo "Ernest" Reaza, Security Investigator
    Mr. Reaza may be contacted through the undersigned counsel for Defendant

5.  David Hanlon, Operations Manager
    Mr. Hanlon may be contacted through the undersigned counsel for
    Defendant

6.  Mark Crow
    Mr. Crow may be contacted through the undersigned counsel for Defendant

7.  Marty Ready, Former VP of Human Resources
    Mr. Ready may be contacted through the undersigned counsel for Defendant

8.  Jeffrey Livingstone, Assistant Terminal Manager
    Terminated-Resigned
    Last phone number on file: 281-361-9808

6570397.1

# ATTACHMENT B



## National Union Fire Insurance Company of Pittsburgh, Pa. ®
### A capital stock company
(the "Insurer")

POLICY NUMBER: *01-841-46-36*              REPLACEMENT OF POLICY NUMBER: *01-601-31-13*

# Employment Edge<sup>SM</sup>

### Employment Practices Liability Insurance Policy

NOTICES: This policy provides claims-made coverage. Such coverage is generally limited to liability for (i) Claims first made against Insureds and (ii) Crises first occurring, in each case, during the Policy Period or, if applicable, the Discovery Period. Coverage under this policy is conditioned upon notice being timely provided to the Insurer as required (see the Notice and Reporting clause for details). Covered Defense Costs shall reduce the Limits of Liability available to pay judgments or settlements, and shall be applied against the retention amount. The Insurer does not assume any duty to defend. Please read this policy carefully and review its coverage with your insurance agent or broker.

# DECLARATIONS

1.  **NAMED ENTITY:**            *SAIA, INC.*

    **Named Entity Address:**     *11465 JOHNS CREEK PARKWAY*
    *SUITE 400*
    *JOHNS CREEK, GA 30097.*

    **State of Formation:**       *Delaware*

2.  **POLICY PERIOD:**      From: *September 30, 2015*        To: *September 30, 2016*
    The Policy Period incepts and expires as of 12:01 A.M. at the Named Entity Address.

3.  **PREMIUM:**                                                          $144,279

4.  **LIMIT OF LIABILITY:**                                               $10,000,000

5.  **RETENTION:** Not applicable to: (i) Crisis Loss or (ii) the first $25,000 in Defense Costs incurred as E-Discovery Consultant Services

    (a) Class Action Retention:                                           $250,000

    (b) Third Party Retention:                                           $250,000

    (c) All other Loss to which a Retention applies:                      $250,000

    If the Organization is unable to pay an applicable Retention due to Financial Insolvency, this policy shall advance the Loss pursuant to the RETENTION Clause.

6.  **PASSPORT:** This policy ☐ serves, or ☒ does not serve, as a master Passport policy.

*7319907*

105928 (7/10)   **BRANCH** *Archive Copy*        1        © All rights reserved.

DECLARATIONS (Continued)

7.  **INSURER**

    (a) INSURER ADDRESS:    175 Water Street
                                 New York, NY 10038-4969

    (b) CLAIMS ADDRESS:    By E-Mail: c-claim@AIG.com
                               By Mail: AIG, Financial Lines Claims
                                       P.O. Box 25947
                                       Shawnee Mission, KS 66225

                                In either case, reference the Policy Number.

8.  **CONTINUITY DATES**

    (a) Outside Entity Executive Coverage--The date on which the Executive first served
        as an Outside Entity Executive of such Outside Entity.

    (b) All other coverage:                                     March 1, 2000

9.  **TRIA PREMIUM, TAXES AND SURCHARGES**

    (a) TRIA Premium:                                         $718

'TRIA Premium' means the premium for Certified Acts of Terrorism Coverage under Terrorism Risk Insurance Act, as amended. Amount indicated above is included in Premium. A copy of the TRIA disclosure sent with the original quote is attached hereto.

---

IN WITNESS WHEREOF, the Insurer has caused this Policy to be signed by its President, Secretary and Authorized Representative. This Policy shall not be valid unless signed below at the time of issuance by an authorized representative of the Insurer.

          PRESIDENT               AUTHORIZED REPRESENTATIVE           SECRETARY

MARSH USA INC.
3560 LENOX ROAD
SUITE 2400
ATLANTA, GA 30326
  7319907

105928 (7/10)    **Archive Copy**        2                 © All rights reserved.
        **BRANCH**